Johnston, Ch.
delivered the opinion of the Court.
In this case we concur, generally, with the views of the Chancellor, in regard to the negroes; but we think he should have decreed that the said slaves, with their increase, be delivered up to the remainder-men at the expiration of the defendant’s life estate; and that the defendant is responsible for their delivery accordingly; and that the defendant give bond and good security to the Commissioner for their production and delivery as aforesaid: and it is ordered that the decree be reformed to that effect.
We do not concur in the decree relating to the land.
The testator introduces his will by expressing a desire “to dispose of all such worldly estate as it hath pleased God to bless him with.”
Then the clauses materially affecting this question are as follows:
“ I give to my wife, Nancy T. Moon, the tract of land whereon I now live, containing 200 acres, more or less ; also two negroes, (to wit: my man Stephen, and my girl Harriet,) *334 during her natural life or tvidowhood: and, further, give to my -wife, Nancy T. Moon, and her heirs, forever, the following property, after my death,” (all perishable.)
« jSj farther, my will, that, at the death or marriage of my wife, Nancy T. Moon, that the man Stephen, and the girl Harret, and her increase, be sold by my executor; and the amount arising' therefrom be equally divided between my heirs, Robert D. Moon, John Moon, Pleasant Moon, the heirs of D. T. Cureton, Polly Kilgore, Nancy Ligón.”
No residuary clause; nor further mention of land.
The general devise of land, with us, carries the fee: and nothing can prevent the fee of this land from passing to the defendant, unless it was intended to be coupled with the ne-groes, so as to pass with them, upon the terms in which they were bequeathed to the widow.
But we think it very material to shew that these subjects were disjoined, and given with a separate intention as to each; that while the negroes are limited in remainder the testator makes no further mention of the land. If the testator intended to give the land as well as the negroes during life or widowhood, why does he think it necessary to the complete disposition contemplated in the preamble to his tvill, to make an express disposition of the negroes beyond the particular estate, while he is entirely silent as to the land ?
Our persuasion is that the testator supposed he had given the fee in the land, and, therefore, took no further notice of it.
This view renders it unnecessary to consider the question of waste. The defendant was not accountable, the land being her own: and that part of the bill should have been dismissed. And it is accordingly so ordered.
Dunkin, Ch. and Dargan, Ch. concurred.

Decree modified.